STATE OF NEBRASKA, EX REL. CHARLES OGDEN ET AL., V. ALBYN L. FRANK, CLERK OF DISTRICT COURT.

FILED NOVEMBER 4, 1897.   No. 9516.

Mandamus to Clerk of District Court: OTHER REMEDY. Section 889 of the Code of Civil Procedure confers authority upon the district court to direct its clerk in the performance of his official duties, and the supreme court will not issue a *mandamus* to compel such clerk to issue an execution upon a judgment when there has been no application to, and refusal by, the district court to direct its clerk to issue such execution. Following *State v. Moores*, 29 Neb., 122.

ORIGINAL application for *mandamus* to require the clerk of the district court of Douglas county to issue an execution on a judgment. *Writ denied.*

*J. W. West, Charles Ogden,* and *J. C. Cowin,* for relators.

*Warren Switzler, contra.*

RYAN, C.

The application for a *mandamus* in this court recited that on May 3, 1897, the relators had obtained a judgment in the district court of Douglas county against Benjamin and Maurice Rosenthal in the sum of $3,258.40, and that thereafter, on June 25, 1897, the said district court had entered an order conditionally granting a new trial. It was further alleged that the district court adjourned *sine die* on June 30, 1897, and that the compliance with the condition precedent required was not until July 3, immediately following the date last above named. The respondent is the clerk of the aforesaid court, and, as it was alleged, refuses to issue an execution for the enforcement of payment of the above described judgment because of compliance by the Rosenthals with the condition precedent to their right to a new trial. The object of this proceeding is to compel the clerk of the district court of Douglas county to issue an execution on the judgment above described, as though no order had been made by said district court subsequent to its rendition thereof. For our purposes it is not required that there should be quoted from the order sought to be ignored anything more than the following language: "And the court, exercising its discretion in the premises, under the general control which it has over said judgment during the term that same was rendered, and desiring to give the defendants further opportunity to make defense, it is ordered and adjudged that, upon the defendants paying into court the amount of said costs and the amount of said attorney's fee for and in behalf of said plaintiffs, within ten days from this date, then that said judgment to be, and the same is hereby, set aside and a new trial awarded to the defendants herein, and that, upon failure of said defendants to make said payments that said judgment as rendered stand in full force and effect in all respects to the same effect as if the order had not been made." It is possible by the use of the words, "And the same is hereby

set aside and a new trial awarded to the defendants herein," that the district court may have intended to make an order which, upon the performance by the defendants of the prescribed condition precedent, would become self-executing. The language last quoted is, however preceded by the conditions that upon performance of the condition precedent the said judgment would be set aside. The order granting a new trial is followed by the following alternative provision: "Upon failure of said defendants to make said payments (of attorneys' fees and costs), that said judgment as rendered stand in full force and effect in all respects to the same extent as if this order had not been made." The grant of a new trial *in præsenti* is thus seen to be qualified to some extent by the language with which it was preceded, and more directly by that with which it was followed. Construing the order as an entirety, it seems to us to amount to no more than a declaration of a purpose of the district court to grant a new trial, provided that, within the period of ten days, certain payments should be made; otherwise that, at the expiration of the limit named, a new trial would be denied. Whether or not, under the circumstances, the clerk of the district court should by this court be required to issue an execution is the question presented by the application under consideration.

Section 889, Code of Civil Procedure, is in this language: "The clerk of each of the courts shall exercise the powers and perform the duties conferred and imposed upon him by other provisions of this Code, by other statutes, and by the common law. In the performance of his duties he shall be under the direction of his court." In *State v. Moores*, 29 Neb., 122, there was in this court asked a *mandamus* to compel the clerk of the district court of Douglas county to issue an order of sale. In the delivery of the opinion of this court, NORVAL, J., quoted the above section, italicizing, by way of emphasis, its closing line as authority for the proposition that without such application to the district court this court would not re-

quire such clerk to comply with the demand of the relator. The ruling was followed in *State v. Laflin*, 40 Neb., 441. In view of the section of the statute quoted, and of the above cited cases, the application for a *mandamus* in this case must be, and accordingly is, denied.

WRIT DENIED.