CHARLES OGDEN ET AL. V. BENJAMIN ROSENTHAL ET AL.

FILED MAY 19, 1898. No. 9924.

1. **New Trial:** CONDITIONS. An order of the district court granting a new trial on conditions to be performed by the moving party after the adjournment of the term is valid.

Ogden v. Rosenthal.

2. ———: ———. In such case the right to a new trial becomes abso-
lute on performance of the condition.

3. ———: ———. An order of the district court construed and *held*
not to be a mere declaration of intention on the part of the court,
but a positive adjudication establishing at once plaintiff's right
to a retrial of the cause on compliance with certain conditions
named in the order.

ERROR from the district court of Douglas county.
Tried below before POWELL, J. *Affirmed.*

*John C. Cowin, Charles Ogden,* and *J. W. West,* for plain-
tiffs in error.

References: *McBrien v. Riley,* 38 Neb. 561; *Ganzer v.
Shiffbauer,* 40 Neb. 633; *Smith v. Pinney,* 2 Neb. 139;
*Secrest v. Best,* 6 Tex. 199; *Hill v. St. Louis,* 20 Mo. 584;
*Little Rock v. Bullock,* 6 Ark. 282; *McKnight v. Strong,* 25
Ark. 212; *Anderson v. Thompson,* 7 Lea [Tenn.] 259;
*Townshend v. Chew,* 31 Md. 247; *Mabley v. Judge Superior
Court,* 41 Mich. 37; *Ward v. Patterson,* 46 Pa. St. 374.

*Warren Switzler* and *Hall & McCulloch, contra.*

SULLIVAN, J.

The plaintiffs sued the defendants in the district court
of Douglas county and recovered a judgment against
them, which was subsequently reversed by this court.
(*Rosenthal v. Ogden,* 50 Neb. 218.) The cause was re-
manded for further proceedings and on a second trial
the plaintiffs again had judgment in their favor. After-
wards, on June 25, 1897, on the defendants' application
for a new trial, the district court made an order, the
material part of which is as follows: "This court fur-
ther finds that the defendants were not diligent in the de-
fense of said cause and were guilty of laches in not pre-
paring for and being present, by themselves or counsel,
to defend at the trial of this cause. The court further
finds that the plaintiffs being blameless in the premises,
and having prosecuted said cause to said judgment in

all respects as provided by law, that the defendants should pay all costs incurred during the pendency of this cause in this court up to this date, but not costs incurred in proceedings in error to the supreme court, and a reasonable attorney's fee for plaintiffs' counsel for services in procuring the judgment now asked to be set aside, which the court finds to be of the reasonable value of $150. And the court, exercising its discretion in the premises under the general control which it has over its said judgment during the term the same was rendered, and desiring to give the defendants further opportunity to make defense, it is ordered and adjudged that, upon the defendants paying into court the amount of said costs and the amount of said attorney's fee for and on behalf of said plaintiffs, within ten days from this date, then that said judgment be, and the same is hereby, set aside and a new trial awarded to the defendants herein; and that upon failure of said defendants within ten days to make said payments, that said judgment, as rendered, stand in full force and effect in all respects to the same extent as if this order had not been made." The term at which this order was entered was formally adjourned June 30, 1897, and on the 3d day of the following month the defendants complied with the conditions of the order, paying the costs and attorneys' fees to the clerk of the court. Afterwards an original application was made to this court for an order requiring the clerk of the district court to issue an execution on the judgment rendered on the second trial. (*State v. Frank*, 52 Neb. 553.) The writ was denied on the ground that the application should have been made to the district court. The procedure suggested by the opinion in that case was thereupon adopted and in due time resulted in an order overruling plaintiff's motion for an execution. From this order, and to secure its reversal, the plaintiffs prosecute error to this court.

Plaintiffs contend that the order above set out did not become operative during the term at which it was

made, and is therefore null. In support of their position they refer us to the opinion in the last mentioned case, where it is said: "Construing the order as an entirety, it seems to us to amount to no more than a declaration of the purpose of the district court to grant a new trial, provided that within the period of ten days certain payments should be made; otherwise, that at the expiration of the limit named a new trial would be denied." This language certainly does tend to support the plaintiffs' claim, but it must be remembered the decision of the case did not turn upon the construction of the order, and that the interpretation placed upon it did not at all affect the conclusion reached by the court. We are now satisfied, after a more thorough consideration of the question, that the order is not a mere declaration of intention on the part of the district court, but a positive adjudication establishing at once plaintiffs' right to a retrial of the cause on compliance with the conditions named. No further judicial action was contemplated. It is true the plaintiffs were required to do something within a time extending beyond the term, before they could avail themselves of the right secured by the order; but the court, itself, did nothing in vacation in relation to the matter. It acted during the term, and its action was complete and final. It is an ancient practice, justified by considerations of convenience and well sustained by the authorities, to award a new trial on conditions to be performed by the moving party after the adjournment of the term at which such order is made. (*First Nat. Bank of Grundy Center v. Brown,* 81 Ia. 208; *Somers v. Sloan,* 3 Harr. [N. J.] 46; *Wallace v. Floyd,* 29 Pa. St. 184; *Crew v. McCafferty,* 124 Pa. St. 200; *Buntain v. Mosgrove,* 25 Ill. 152; *Adams Express Co. v. Gregg,* 23 Kan. 376; *People v. Judge Superior Court of Detroit,* 41 Mich. 31.) In the case last cited an order was held valid which granted a new trial on condition that the party should disclose his defense, waive his right to remove the cause to the federal court, and proceed to trial at the next

term. We know there are holdings to the effect that an order granting a new trial upon a condition to be performed after the adjournment of the term is void; but we are not convinced of the soundness of the doctrine established by these cases and we decline to follow them. The order of the district court refusing an execution is right and is

AFFIRMED.