STATE, EX REL. HOME SAVINGS & LOAN ASSOCIATION, APPELLANT, V. JAMES W. DAVIS, SHERIFF, APPELLEE.

299 N. W. 291

FILED JULY 3, 1941. No. 31020.

*George E. Hager,* for appellant.

*Walter R. Johnson, Attorney General, Rush C. Clarke* and *Max G. Towle, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

Application for a writ of mandamus directed to James W. Davis, sheriff of Lancaster county, Nebraska, denied. Relator appeals.

This is an action in mandamus in which the state of Nebraska, on the relation of the Home Savings & Loan Association, seeks to enforce the execution of a writ of possession issued out of the district court for Lancaster county in a case wherein the Home Savings & Loan Association was plaintiff and the Mount Zion Baptist Church (Colored) et al. were defendants, and which required James W. Davis, as sheriff of Lancaster county, pursuant to such writ, to forthwith remove the Mount Zion Baptist Church from the possession of the buildings only located on lot 6, block 179 of the original plat of the city of Lincoln, Lancaster county, Nebraska, and to forthwith put the relator in full possession of such buildings. Thereupon, to the alternative writ served upon him, the respondent made answer setting forth the proceedings had which ultimately culminated in the opinion adopted by this court in the case of *State v. Home Savings & Loan Ass'n,* 137 Neb. 231, 288 N. W. 691, and the judgment of reversal entered in this court pursuant thereto.

Respondent also set forth that upon remand of said cause to the district court for Lancaster county, Nebraska, pursuant to the mandate of this court and the opinion duly adopted as herein referred to, on the 19th day of January, 1940, the district court made and entered its final decree, substantially as follows:

"The cause then coming on for further hearing upon the motion of the plaintiff for judgment in accordance with said mandate, is submitted to the court, upon consideration whereof the court finds generally in favor of the plaintiff against the defendants, and that the allegations of plaintiff's petition are true.

"It is therefore considered, adjudged and decreed by the court, agreeably to the directions of the supreme court, as contained in said mandate, that the defendant, Home Savings & Loan Association, a corporation, be and it is hereby forever restrained and enjoined from interfering with the use and possession of the following described property, viz.: Lot No. 6 in block 179, in the city of Lincoln, Lancaster county, Nebraska, by the defendant Mount Zion Baptist Church (Colored), of Lincoln, Nebraska, a religious association, and from preventing in any way the use and devotion of said property to religious, charitable and pious uses, and that the defendants and each of them be and *they are hereby forever restrained and enjoined from diverting said above described property to any use of (or) purpose other than its use as a church* and for charitable, pious and religious purposes by the Mount Zion Baptist Church (Colored), of Lincoln, Nebraska, a religious association, and that the Mount Zion Baptist Church (Colored), of Lincoln, Nebraska, a religious association, be and the same hereby is forever enjoined from conveying or alienating in any manner said property or any part thereof, and that the plaintiff recover of the defendants, its costs herein expended." (Italics ours.)

This record discloses that in a case entitled Home Savings & Loan Ass'n v. Mount Zion Baptist Church (Colored), the relief sought was the equitable foreclosure of a real estate mortgage dated July 24, 1925, executed and delivered

by defendant church to the "association," in which the mortgaged premises are described as lot 6, block 179, of the original plat of the city of Lincoln, Nebraska. The church building here in controversy as a permanent improvement on this lot at the time this mortgage was executed is properly considered as real estate and a component part of the premises described in that instrument. It may be said that by the description "lot 6, block 179," etc., the mortgaged premises were described in the petition of foreclosure, in the decree of foreclosure and sale entered thereon, in the advertisement of the sale made pursuant to decree, in the sheriff's return of the public sale thereof, and in the sheriff's deed which pursuant to decree of confirmation conveyed the mortgaged premises to the Home Savings & Loan Association. It is obvious that as employed the term "lot 6, block 179," etc., included as a constituent part thereof the church buildings which as a permanent improvement were situated thereon. It was therefore properly described in the proceedings on which the Home Savings & Loan Association relies. By the same token, "lot 6, block 179," etc., as employed by the attorney general in his injunctive proceedings (State, ex rel. Richard C. Hunter, Attorney General, Appellant, v. Home Savings & Loan Ass'n et al., Appellees), which terminated in the entry of the decree of injunction heretofore set forth, must be deemed to be used in the identical sense as employed by the Home Savings & Loan Association in the foreclosure proceedings against the Mount Zion Baptist Church (Colored). Even if the church buildings were to be considered as separable from the real estate of which in law they form a part, the terms of the injunction applying to and covering the entirety would restrain interference with the use and possession of all and each of the component parts thereof. That which embraces and protects the whole of any subject-matter inevitably protects its several constituent parts. But the language of the decree entered, viz., "they are hereby forever restrained and enjoined from diverting said above described property to any use of (or) purpose other than its use as a church," un-

equivocally discloses the judicial intent to extend the protection of its injunctive process to the church buildings as well as to the earth on which they were situated.

It follows that the execution by the sheriff of the writ of assistance in this case would involve a clear violation of the terms of the injunction, that his refusal to execute and serve the same was manifestly proper, and that the judgment of the district court denying mandamus and dismissing relator's action is fully supported by the record.

The judgment entered by the district court for Lancaster county is, therefore, correct, and is

AFFIRMED.