LLOYD G. TUPPER, GERALD K. SHEPARD and SHEP-
ARD & TUPPER, INC., a Nevada Corporation,
Appellants, *v.* RAY A. KROC, Respondent.

No. 6655

August 21, 1972                              500 P.2d 571

*Fulop, Rolston, Burns & McKittrick,* of Beverly Hills, Cali-
fornia, and *George, Steffen & Simmons,* of Las Vegas, for
Appellants.

*Sonnenschein, Levinson, Carlin, Nath & Rosenthal,* of Chi-
cago, Illinois, and *Lionel, Sawyer, Collins & Wartman,* of Las
Vegas, for Respondent.

## OPINION

*Per Curiam:*

The district court granted a Rule 60(b) motion of the

defendants, Tupper and Shepard, and their corporation, to set aside a judgment which the plaintiff, Kroc, had obtained against them. The order granting the motion and setting aside the judgment, however, was made subject to the condition that the defendants pay to the plaintiff all costs and attorney's fees incurred by the plaintiff in preparing for and defending against the motion to set aside. This appeal is from that part of the order imposing a precondition to the relief which they sought and to which the court found them entitled.

Rule 60(b) invests the court with a discretionary power to relieve a party from a final judgment "upon such terms as are just." Deros v. Stern, 87 Nev. 148, 483 P.2d 648 (1971). The terms must, of course, be reasonable. Doyle v. Jorgensen, 82 Nev. 196, 203, 414 P.2d 707 (1966). Requiring the payment of costs and fees incurred by the adversary is not per se unreasonable. The district court ordered the plaintiff to submit a cost bill and statement of fees to defendants for approval and payment, and should the defendants fail to approve and pay, the plaintiff could request a hearing thereon before the court. A statement of costs and fees was submitted, the defendants objected, the matter was scheduled for hearing, but this appeal intervened. Consequently, that hearing has not occurred. It is apparent that the reasonableness of the conditional order in the light of the charges submitted is not ripe for determination.[1]

Appeal dismissed.[2]

---

[1] The defendants' Rule 60(b) motions were combined with Rule 59 motions for a new trial. The district court decided all motions. Since the necessary consequence of setting aside the judgment conditionally is a new trial if the condition is met and if either party elects to proceed with the litigation, we need not consider the propriety of the conditional order granting a new trial.

[2] Our earlier denial of a motion to dismiss this appeal was in error.