DELBERT W. KORTE, APPELLANT AND CROSS-APPELLEE, V.
GEORGE BETZER, APPELLEE AND CROSS-APPELLANT.
225 N. W. 2d 30

Filed January 16, 1975. No. 39547.

Nelson, Harding, Marchetti, Leonard & Tate and Kenneth Cobb, for appellant.

J. Arthur Curtiss of Baylor, Evnen, Baylor, Curtiss & Grimit, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, CLINTON, AND BRODKEY, JJ.

NEWTON, J.

This is an action for damages resulting from an automobile accident. The action was commenced in November 1971. The errors assigned deal with the denial of a continuance and the conditional setting aside on motion for a new trial of a judgment dismissing the case. We affirm the order of the District Court.

The case was set for trial on December 17, 1973. On November 13, 1973, pretrial conference was set for November 21, 1973; at the pretrial conference, by agreement of the parties, approved by the court, trial was set for January 28, 1974. Thereafter plaintiff's attorney sought a further continuance on the ground he would be occupied in the trial of a case in federal court. The application was denied and it was conceded that another member of the firm representing plaintiff would

be available and would try the case. On January 24, 1974, the court was informed that both of plaintiff's counsel above-mentioned would be in federal court and local counsel was ill. Application was also made to take an audiovisual deposition and leave was granted to take a stenographic deposition. On January 27, 1974, plaintiff's counsel were notified of a continuance of the federal court case. On January 28, 1974, the court was informed that plaintiff's primary counsel was ill but no explanation was given as to the whereabouts of plaintiff's substitute counsel. The defendant, his counsel, and witnesses were present and prepared to proceed, and the jury was then on hand. The court refused to further continue the trial and, when informed by plaintiff's counsel that they would not proceed, entered judgment dismissing the action without prejudice. Subsequently, on a motion for new trial, the court was informed that the statute of limitations had run and then vacated its former judgment as follows: "IT IS THEREFORE, BY THE COURT, CONSIDERED AND ORDERED: 1. That the order of this court on January 28, 1974, dismissing plaintiff's cause be and is hereby set aside and vacated and this action reinstated; provided, that plaintiff, with thirty (30) days from this date, pay to the Clerk of this Court the jury fees and expenses incurred for this action on January 28, 1974, in the amount of $384.40, and in addition, an attorney's fee to defendant's attorney in the amount of $300.00;

"2. That in the event said amounts last set forth are not so paid within said time that plaintiff's cause stands dismissed for want of prosecution, Costs taxed to the plaintiff." Plaintiff appealed.

"A motion for a continuance is addressed to the sound discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal."

Elm Creek State Bank v. Department of Banking, 191 Neb. 584, 216 N. W. 2d 883.

On the morning for which trial was scheduled, plaintiff presented a written motion for a continuance but failed to support it by affidavit in evidence or testimony as required by section 25-1148, R. R. S. 1943, and failed to explain the whereabouts of alternate counsel. Plaintiff had had many months in which to take any deposition desired and we find no abuse of discretion in the denial of a continuance.

Plaintiff objects to the order of the court requiring the payment of costs, attorneys' fees, and jury expense as a condition to the reinstatement of the case on motion for new trial. When a new trial is granted, or a judgment vacated, as a matter of grace and not of right, the court may in its discretion impose reasonable conditions. See, 58 Am. Jur. 2d, New Trial, §§ 218, 219, p. 443; Annotation, 21 A. L. R. 2d 863; Ogden v. Rosenthal, 55 Neb. 163, 75 N. W. 545; Tupper v. Kroc, 88 Nev. 483, 500 P. 2d 571; Delagi v. Delagi, 313 N. Y. Supp. 2d 265, 34 App. Div. 2d 1005; Finden v. Klaas, 268 Minn. 268, 128 N. W. 2d 748. Under the circumstances present, the order of the court in this regard was not unreasonable nor an abuse of discretion.

The order of the District Court is affirmed.

AFFIRMED.