VILLAGE OF SPRINGFIELD, APPELLEE, V. RAY HEVELONE ET AL., APPELLANTS, IMPLEADED WITH GALE HEVELONE, APPELLEE.
236 N. W. 2d 811

Filed December 18, 1975. No. 39998.

Ledwith & Shokes and Michael G. Ryan, for appellants.

Monen, Seidler & Festersen, for appellee Village of Springfield.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCown, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is a contempt proceeding for violation of a temporary restraining order, a temporary injunction, and a permanent mandatory injunction. No appeal was taken from the decree in injunction. The District Court held the defendants to be in contempt for failure to obey the orders of the court. We affirm the judgment of the District Court.

Section 17-1001, R. R. S. 1943, gives villages and cities of the second class the authority to enforce zoning ordinances over an area within 1 mile of the corporate limits. The defendants, on land within 1 mile of the corporate limits of the Village of Springfield, sought to plat the land and to move several houses on it. Their plat was not accepted by the village and their request for a waiver of the village's zoning ordinance was refused. Defendants nevertheless proceeded to locate houses, which did not comply with zoning requirements, on the land. They improved at least two of the houses and occupied them.

An injunction action was brought by the village. A temporary restraining order was issued restraining defendants from moving any more structures to the premises or finishing any work on those already there. A temporary injunction of the same nature was subsequently issued followed by a permanent mandatory injunction. Defendants were directed to vacate the occupied houses and to move all structures from the land. No appeal was taken. Subsequently defendants were found to be in contempt for failure to vacate and remove

the houses. They were allowed 14 days to vacate the houses and submit plans for their removal. They did not do so and were forcibly evicted from the houses. They have appealed from the contempt judgment.

Defendants assert that: (1) The District Court did not have jurisdiction of the subject matter; (2) the proceeding is void as based on a void zoning ordinance; (3) the proceeding was for criminal, not civil contempt; (4) they were denied due process and the effective assistance of counsel; (5) insufficiency of the evidence; and (6) excessive punishment.

The argument regarding District Court jurisdiction of the subject matter is based on section 24-517 (5), R. S. Supp., 1974, which states that the county courts shall have: "Exclusive original jurisdiction in any action based on violation of a city or village ordinance, * * *." This portion of the statute is ambiguous when considered in the light of other statutory and constitutional provisions. Insofar as injunction actions are concerned, the statutes place jurisdiction in the District Court. See § 25-1064, et seq., R. R. S. 1943. The only jurisdiction conferred on a county judge is to issue a temporary restraining order when there is no District Judge in the county.

Article V, section 9, Constitution of Nebraska, grants chancery or equity jurisdiction to the District Court. It has long been recognized that the equity jurisdiction of the District Court conferred by the Constitution cannot be legislatively limited or controlled. See, State ex rel. Sorensen v. Nebraska State Bank, 124 Neb. 449, 247 N. W. 31; State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676. An action for an injunction is an action in equity. See, 42 Am. Jur. 2d, Injunctions, § 2, p. 727; City of Syracuse v. Farmers Elevator, Inc., 182 Neb. 783, 157 N. W. 2d 394. It is apparent that section 24-517 (5), R. S. Supp., 1974, is, if construed to deprive the District Court of jurisdiction in injunctions for zoning violations, a restriction on the constitutionally con-

ferred powers of the District Court. To argue that the power remains because the case may be appealed to the District Court is a non sequitur. We conclude that the District Court had jurisdiction.

Defendants assert the contempt proceedings are void because based upon an invalid zoning ordinance. This proposition was not pleaded nor raised in any manner at the trial of the contempt matter. "Questions not presented to or passed on by the trial court will not be considered on appeal." Ford v. County of Perkins, 190 Neb. 304, 207 N. W. 2d 694. Furthermore, this issue had been raised in the original hearing on the application for injunction and had been determined adversely to defendants. That judgment was not appealed from and is res judicata. See Home Savings & Loan Assn. v. Mount Zion Baptist Church, 139 Neb. 867, 299 N. W. 287.

Defendants argue that procedurewise there is no distinction between civil and criminal contempts and that they were entitled to a jury trial. We have often recognized the distinction between civil and criminal contempts. In Megel v. City of Papillion, 190 Neb. 238, 207 N. W. 2d 377, we held that: "A civil contempt proceeding has for its purpose the preservation and enforcement of the rights of private parties." Such is the case here.

Although the federal courts have held that absence of willfulness does not relieve an individual from civil contempt (see National Labor Relations Board v. Ralph Printing & Lithographing Co., 433 F. 2d 1058 (8th Cir., 1970)), Nebraska requires that the violation be willful. See Kasparek v. May, 174 Neb. 732, 119 N. W. 2d 512. Here the defendants were found to be in contempt for ignoring a mandatory injunction to vacate the houses on their premises and remove them. In its decree of December 20, 1974, the court found the defendants to be in contempt but withheld sanctions until January 3, 1975, to permit defendants to submit a plan for removing the houses and to vacate the premises. Defendants

failed to comply with this order and on January 3, 1975, the court ordered the defendants forcibly evicted. No other penalties have been assessed. Willfulness is apparent. Under the circumstances defendants were not entitled to a jury trial. In Bloom v. Illinois, 391 U. S. 194, 88 S. Ct. 1477, 20 L. Ed. 2d 522, the court stated that the power to commit for civil contempt and to punish petty criminal attempts summarily is unaffected and a jury is not required. The court further held that: "When the legislature has not expressed a judgment as to the seriousness of an offense by fixing a maximum penalty, the best evidence as to the seriousness of the offense is the penalty actually imposed." The punishment, if it may be so referred to, was obviously not excessive.

In regard to the degree of proof required being proof beyond a reasonable doubt and the sufficiency of the evidence to establish a willful violation of the decree of injunction, suffice it to say that examination of the record establishes that this contention is without merit. The defendants themselves testified to due knowledge and understanding of the terms of the injunction and conceded their failure to comply with it.

On November 20, 1974, defendants' counsel asked permission to withdraw. Notice of the application and of a hearing thereon on December 6, 1974, was immediately mailed to defendants. The application was granted but defendants failed to obtain other counsel until shortly before the contempt hearing held on December 20, 1974. A motion for a continuance was rejected with the result that defendants assert they were denied due process and the effective assistance of counsel. It is apparent that defendants had a month in which to obtain counsel but failed to do so. They cannot complain of a situation arising out of their own neglect. Furthermore, the issues at the hearing were uncomplicated and readily understood and prepared for. No prejudice resulted. "A motion for a continuance is addressed to the sound dis-

cretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal." Korte v. Betzer, 193 Neb. 15, 225 N. W. 2d 30.

The judgment of the District Court is affirmed.

AFFIRMED.