WOODROW MEGEL ET AL., APPELLANTS, V. CITY OF PAPILLION ET AL., APPELLEES.
207 N. W. 2d 377

Filed May 11, 1973. No. 38776.

Bernard E. Vinardi and Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellants.

Eugene T. Atkinson of Atkinson & Kelly, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is a civil contempt proceeding. The trial court found the evidence failed to show a willful disobedience or failure to comply with the judgment of the District Court and dismissed the action. The plaintiffs appeal.

The plaintiffs are the owners of Tax Lots 7 and 8 which are adjacent to the City of Papillion, Nebraska. The lots lie to the north of Lincoln Street which runs along the north boundary of Papillion at that place. The old bed of Papillion Creek forms the north boundary of Lot 7 and a part of the north boundary of Lot 8. The Papillion Drainage Ditch is located farther to the north.

In 1962, the plaintiffs commenced an action against the City of Papillion and its mayor and councilmen to enjoin the defendants from diverting "drainage water" into and upon the property of the plaintiffs. This action resulted in a decree on January 7, 1971, enjoining the defendants "from in any way causing or permitting surface water from its streets, alleys and sewers * * * to flow in, upon, through or against any of the property of the plaintiffs * * * in a greater quantity than what would have reached the property by natural

drainage." The decree also ordered the defendants to commence engineering studies forthwith and to construct facilities within 6 months to cause the surface waters to be disposed of other than through the property of the plaintiffs and "in a manner so that no damage be caused to the property of said plaintiffs and to said plaintiffs."

Motions for a new trial were overruled on July 29, 1971. There was no appeal from the decree and it became final.

The application for an order to show cause was filed on October 14, 1971. The plaintiffs alleged the defendants had failed to comply with the decree and had authorized additional construction in the City of Papillion which had materially increased the flow of surface water across the plaintiffs' property.

The evidence in the original action is not before us but the record in this proceeding indicates that the natural drainage was to the east of the plaintiffs' property. The construction of street improvements and other structures by the City of Papillion now diverts surface waters upon and through the plaintiffs' property that would normally have drained across other property lying to the east.

A supplemental application to obtain a temporary order restraining the defendants from proceeding in eminent domain to obtain an easement across the plaintiffs' property was filed on December 20, 1971. A temporary restraining order was granted on that day.

The record shows without dispute that the defendants did not comply with the terms of the decree. The defendants had engineering studies made and preliminary plans prepared which contemplated construction of an improved drainageway across a part of Lot 7. The defendants made some attempt to acquire an easement across Lot 7 by negotiation but were not successful. No facilities were constructed as required by the decree.

A civil contempt proceeding has for its purpose the preservation and enforcement of the rights of private parties. McFarland v. State, 165 Neb. 487, 86 N. W. 2d 182. The failure to obey an order of the court made for the benefit of the opposing party is ordinarily a civil contempt, but the disobedience must be willful before it may be punished as a contempt. Kasparek v. May, 174 Neb. 732, 119 N. W. 2d 512. If it is impossible to comply with the order of the court, the failure to comply is not willful. Hawthorne v. State, 45 Neb. 871, 64 N. W. 359.

The defendants do not attempt to justify their failure to comply with the decree of January 7, 1971, on the ground that compliance was impossible. The temporary restraining order obtained by the plaintiffs on December 20, 1971, prevented the defendants from proceeding after that date to condemn an easement across the property of the plaintiffs. There is no satisfactory explanation in the record as to their failure to comply with the decree before December 20, 1971. The defendants seem to have been more concerned with the expense involved in remedying the wrongful diversion of surface waters than in complying with the decree and affording the plaintiffs the relief to which they are entitled.

In Kasparek v. May, *supra*, a party who had employed consulting engineers and a contractor in an attempt to comply with a decree was held to be in contempt when the resulting construction failed to conform to the terms of the decree. As in the Kasparek case, the decree here required specific acts which have not been performed. We conclude that the record in this case supports a finding of willful contempt.

There are mitigating circumstances in this case which make it inappropriate to impose any penalty upon the defendants at this time other than the costs and expenses of this proceeding in both courts, including a reasonable fee for the services of the attorney for the plaintiffs.

There is an additional matter which requires consideration. The plaintiffs contend the decree of January 7, 1971, prevents the City of Papillion from acquiring an easement across the property of the plaintiffs for drainage purposes. Although there is language in the decree which lends support to such an interpretation, the pleadings show there was no issue before the District Court in the original action concerning the right of the city to acquire an easement. The District Court did not construe the decree as preventing the city from acquiring an easement. We conclude the city is not estopped by the decree of January 7, 1971, from proceeding in eminent domain to acquire an easement across the plaintiffs' property for drainage purposes.

The finding of the District Court that the defendants are not guilty of willful contempt is reversed and the cause remanded for further proceedings in conformity with this opinion. All costs and expenses in both courts, including a reasonable fee for the services of the plaintiffs' attorney, are taxed to the City of Papillion. The plaintiffs are allowed the sum of $1,000 for the services of their attorney in this court.

REVERSED AND REMANDED.