**In the Matter of Anthony L. ANZALONE and Peggy L. Anzalone, Debtor.**

**Bankruptcy No. BK90–80773.**

United States Bankruptcy Court, D. Nebraska.

Oct. 31, 1990.

John Steichen, Omaha, Neb. for debtor.

Brent Kuhn, Omaha, Neb. for trustee.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held July 31, 1990, regarding Trustee's Objection To Property Claimed as Exempt (Filing No. 8).

Appearing on behalf of the debtor was John Steichen of Nye, Fellman, Moylan & Brown, Omaha, Nebraska. Appearing on behalf of the trustee was Brent Kuhn of Harris, Feldman, Stumpf Law Offices, Omaha, Nebraska.

Pursuant to Neb.Rev.Stat. § 25–1563 (Reissue 1989), debtors in the present case claim an exemption in Individual Retirement Accounts (IRA's) deposited with A.G. Edwards & Sons, Inc., and Norwest Bank. The statute provides in pertinent part:

> *Stock, pension, or similar plan or contract; exempt from certain process; when.* In bankruptcy and in the collection of a money judgment, the following benefits shall be exempt from attachments, garnishment, or other legal or equitable process and from all claims of creditors: to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, an interest

held under a stock bonus, pension, profit sharing or similar plan or contract payable on account of illness, disability, death, age or length of service unless:

(1) within two years prior to bankruptcy or to entry against the individual of a money judgment which thereafter becomes final, such plan or contract was established or was amended to increase contributions by or under the auspices of the individual or of an insider that employed the individual at the time the individual's rights under such plan or contract arose....

In the present case, the parties have stipulated that the IRA funds are reasonably necessary for the support of the debtors and their dependents. Also, the parties have stipulated that the IRA contracts were not established or amended within two years of the bankruptcy. The trustee argues, however, that these facts are inconsequential because the Nebraska Statute, by its terms, does not provide an exemption for IRA's. Specifically, the trustee contends that an IRA does not fall within the parameters of a "similar plan or contract payable on account of illness, disability, death, age or length of service." Hence, the trustee claims the debtors' IRA's should be accorded exempt status under Neb.Rev.Stat. § 25–1563. The issue of whether IRA's are exempt under the Nebraska Statute is of first impression in this Court and has not been addressed by the Nebraska Supreme Court.

■ First of all, this Court notes that IRA's are established pursuant to the provisions of 26 U.S.C. §§ 219 and 408. According to Section 219, an individual who does not participate in qualified pension and profit-sharing programs is permitted to deduct amounts paid into IRA's in determining taxable income. Further, pursuant to Section 408, IRA's are taxed as ordinary income at the time of distribution. If, however, a distribution is made before the taxpayer reaches 59½ years of age, there is an additional tax equal to 10 percent of the distribution. Thus, IRA's are much like pension plans in that they allow deferred tax liability on assets presently owned, and their ostensible purpose is to supplement retirement income in the future or provide benefits by reason of age, illness, disability or death. *In re Worthington,* 28 B.R. 736, 739 (Bankr.W.D.Ky.1983).

In support of the argument that IRA's are not generally exempt under Neb.Rev. Stat. § 25–1563, the trustee cites a host of cases in which courts have analyzed statutes similar to the Nebraska statute and have concluded that IRA's are not exempt under such statutes because they do not fall within the parameters of a "similar plan or contract...." *See, e.g., In re Matthews,* 65 B.R. 24 (Bankr.N.D.Iowa 1986); *In re Pauquette,* 38 B.R. 170 (Bankr.D.Vt. 1984); *In re Fichter,* 45 B.R. 534 (Bankr.N. D.Ohio 1984). Although this Court appreciates the legal principles and reasoning set forth in these cases cited by the trustee, it is clear that such principles and reasoning should not be applied in the present case due to the unique wording of the Nebraska statute.

■ One of the fundamental principles of statutory construction is to attempt to ascertain the legislative intent and to give effect to that intent. *Pump & Pantry, Inc., v. City of Grand Island,* 444 N.W.2d 312, 316, 233 Neb. 191, 195 (1989). Furthermore, in construing a statute, the language used by the Legislature should be considered to determine its intent. *Sorensen v. Meyer,* 370 N.W.2d 173, 177, 220 Neb. 457, 462 (1985). The language used by the Legislature in the statute strongly indicates an intent by the Legislature to generally include plans or contracts such as IRA's within the statutory exemption. Evidence of this intent is found in the first exception to the exemption wherein the term "established" is subsequently modified by the phrase "by or under the auspices of the individual." An IRA is clearly a plan or contract which is established by an individual. Thus, the language of this statute indicates that the Legislature intended IRA's to be exempt from claims unless, as provided in the first exception, such a plan or contract was established within two years prior to bankruptcy.

Not only does the statutory language indicate a legislative intent to make IRA's generally exempt under the statute, but the legislative history also indicates such an intent. It has been stated that in order to ascertain the intent of the Legislature, a court may examine the legislative history of the act in question which includes the record of a floor explanation or debate. *Spence v. Terry*, 215 Neb. 810, 815, 340 N.W.2d 884, 887 (1983). This statute was originally introduced by Senator David Landis in part to close a loophole which allowed a debtor an unlimited monetary exemption in annuity and life insurance contracts; and in part to provide Nebraska residents a statutory exemption for "retirement plans," as long as the residents were not using the exemption as a bankruptcy planning tool. Floor Debate, L.B. 35, 90th Leg., 1st Sess. 2569–71 (April 2, 1987). The transcript of the floor debate relating to this statute reveals that Senator Landis consistently represented to the Legislature that IRA's were to be generally included within the exemption provided by this statute. Floor Debate, L.B. 35, 90th Leg., 1st Sess. 4532–33, 6352–53, 6371–72 (May 27, 1987). Thus, the Legislature's adoption of Senator Landis's proposed statute clearly reflects the Legislature intended IRA's to be generally exempt under the statute.

Finally, this Court notes that Neb.Rev. Stat. § 25–1563 was essentially modeled after 11 U.S.C. § 522(d)(10). This federal bankruptcy statute provides an exemption for payments under a stock bonus, pension, profit sharing, annuity, or similar plan or contract. As with the Nebraska statute, the federal statute provides an exception to the exemption. According to the federal statute, an exemption is provided unless:

> such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose.

11 U.S.C. § 522(d)(10)(E)(i).

In this federal statute, the term "established" is modified by the phrase "by or under the auspices of an insider." This language differs from the Nebraska stat-

ute because the term "established" is modified in the Nebraska statute by the phrase "by or under the auspices *of the individual*" in addition to the "insider" language. The federal statute does not seem to acknowledge that the type of plan which could be exempt includes a plan established or amended by an individual. As a result, it has been held that IRA's are not exempt under the language of the federal statute. *In re Pauquette*, 38 B.R. 170 (Bankr.D.Vt. 1984). If the Nebraska Legislature did not intend IRA's to be exempt under the statute, wording such as that used in the federal statute would have been appropriate. The fact that the Nebraska Legislature chose not to use the exact words of the federal statute suggests, to a certain extent, that the Legislature did not want the Nebraska statute to be interpreted the same way as the federal statute. This is particularly true when one considers that the phrase "of the individual" was inserted into the Nebraska statute. The insertion of this phrase into the federal statute clearly would cause a different interpretation of the statute, at least insofar as the exempt status of IRA's is concerned. This also indicates then that the Nebraska Legislature intended IRA's to be generally exempt under the Nebraska statute.

In light of all the foregoing, this Court holds that Individual Retirement Accounts are exempt under the provisions of Neb. Rev.Stat. § 25–1563, unless, of course, they fall within either of the exceptions noted in this statute. Objection to exemption is denied.

Separate journal entry to be entered.