LINDA NOVAK, APPELLEE AND CROSS-APPELLANT, V. GERALD H. NOVAK, APPELLANT AND CROSS-APPELLEE.

513 N.W.2d 303

Filed March 18, 1994.    No. S-91-1142.

Timothy K. Kelso and Albert L. Feldman, of Harris, Feldman, Stumpf Law Offices, for appellant.

Timothy J. Pugh, of McGrath, North, Mullin & Kratz, P.C., and, on brief, Patricia A. Lamberty, of Zweiback, Hotz & Lamberty, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

BOSLAUGH, J.

On August 21, 1990, the district court for Douglas County entered a decree of dissolution of the marriage of Linda Novak and Gerald H. Novak. Gerald was ordered to pay child support of $455 per month for each of two children, together with alimony for 6 months at $1,200 per month and then $1,000 per month for 54 months. Additionally, Gerald was ordered to pay Linda a total property settlement of $228,400, of which $165,000 was to be paid in 15 semiannual installments of $11,000 on March 1 and September 1 of each year beginning in March 1991, the balance being paid by property transfers which have been made.

Four months after the entry of the decree, Gerald filed an application to modify the decree with respect to alimony, child support, the property award, attorney fees, and court costs. Following Linda's motion to make more definite and certain, Gerald filed on May 22, 1991, an amended application to modify the decree, to which Linda demurred. The district court sustained Linda's demurrer and dismissed Gerald's application to modify without giving Gerald an opportunity to amend.

At the time of the hearing on these proceedings, Gerald was current as to alimony and child support payments, but he had not made any of the cash property settlement payments.

Linda attempted to collect the unpaid property settlement amounts by contempt proceedings and garnishments, including garnishment of Gerald's individual retirement account (IRA). At the same time that it ruled on the demurrer, the district court found that Gerald was not in contempt, denied Linda's attempt to establish garnishee liability against Property Investment Co., and found that Gerald's IRA was exempt from garnishment.

Gerald appealed the district court's judgment concerning the demurrer to the Nebraska Court of Appeals, and Linda cross-appealed the district court's judgment pertaining to the contempt proceedings, garnishment of Property Investment, and garnishment of Gerald's IRA. The Court of Appeals

reversed in part and affirmed in part the district court's judgment, finding that the district court improperly sustained the demurrer to Gerald's application to modify, that Gerald was in contempt of court for failure to make the two property division payments due to Linda, that the district court correctly dismissed Linda's application to establish garnishee liability against Property Investment, and that the district court erred in its decision that Gerald's IRA was unconditionally exempt from garnishment. The case was remanded to the district court for further proceedings on Gerald's application to modify and further proceedings on Linda's garnishment of the IRA as to whether the IRA funds are reasonably necessary for Gerald's support or the support of his dependents. See *Novak v. Novak*, 2 Neb. App. 21, 508 N.W.2d 283 (1993).

This court granted Gerald's petition for further review.

Gerald is a 53.5-percent owner of Novak & Sons, Inc., a closely held family corporation which deals in real estate. Three other members of Gerald's family hold the remaining stock in Novak & Sons.

At the time of these proceedings, Gerald's net monthly income from Novak & Sons was $2,092.12. He testified that upon receipt of his paycheck, he converts $1,910 to a cashier's check for alimony and child support and transfers it to the clerk of the district court, leaving him $182 to live on each month. Gerald lives in a condominium furnished by his parents, who assist with his remaining living expenses.

Gerald has no personal bank account and has no stocks or bonds except the stock of Novak & Sons. Gerald has an IRA at Conservative Savings Bank comprised of various certificates of deposit, which totaled $54,516.73 at the time of the hearing on this matter.

Gerald is a 50-percent partner in Property Investment Co., a real estate holding partnership. At the time of the hearing on this matter, Property Investment had liquidated all of its assets and was in the process of dissolving the partnership.

Gerald's assignments of error as summarized are that the Court of Appeals erred in (1) holding that the garnishment of Property Investment was governed by Neb. Rev. Stat. § 25-1056 (Reissue 1989) instead of Neb. Rev. Stat. § 25-1030

(Reissue 1989), (2) holding that the issue of the IRA exemption must be remanded for further proceedings, and (3) determining that Gerald was in contempt of court.

Linda did not respond to Gerald's petition for further review and concedes that the Court of Appeals correctly reversed the trial court's order sustaining her demurrer to Gerald's application to modify.

After Gerald missed the first scheduled property settlement payment of $11,000 on March 1, 1991, Linda filed garnishment proceedings, and a summons and order of garnishment and interrogatories were served on the garnishee, Property Investment. On May 9, 1991, Property Investment filed its answer to the interrogatories. In response to the question: "Do you have property belonging to the judgment debtor or credits or monies owing the judgment debtor, whether due or not, other than earnings as defined above?" Property Investment responded, stating: "Judgment debtor is a partner in garnishee company. The partnership currently holds one asset, real property located at 1112 Arbor Street, Omaha, Nebraska."

On August 13, 1991, Linda filed an application to determine garnishee liability alleging that on July 27, Property Investment had transferred the property at 1112 Arbor Street to Novak & Sons sometime after Property Investment had filed its answer to the interrogatories. The hearing held by the trial court on October 31, 1991, included Linda's application to determine garnishee liability.

The trial court found that Linda's application to determine garnishee liability was not filed within 20 days as required by § 25-1030 and that Property Investment was released from any liability as provided by the statute.

The Court of Appeals held that at the time Property Investment answered the interrogatories, stating Gerald, the judgment debtor, was a partner in the garnishee, which held real estate at 1112 Arbor Street, the liability of Property Investment was fixed by § 25-1056(1), which provides in part:

> Except when wages are involved, the garnishee shall hold the property of every description and the credits of the defendant in his or her possession or under his or her control at the time of the service of the summons and

interrogatories until the further order of the court.

The Court of Appeals went on to find that when Property Investment conveyed the real estate at 1112 Arbor Street to Novak & Sons after answering the interrogatories, it was in blatant disregard of the provisions of § 25-1056, and that Linda's remedies included an attempt to set aside the conveyance, as well as to hold Property Investment and Gerald in contempt.

Gerald contends that the Court of Appeals erred in its analysis of this issue. We agree.

Property Investment's answer to interrogatories showed that the garnishee is a partnership. Evidence adduced at the hearing also established Property Investment's status as a partnership. The only asset held by the partnership was the property at 1112 Arbor Street.

According to Neb. Rev. Stat. § 67-325 (Reissue 1990), Gerald's right in Property Investment's property "is not subject to attachment or execution, except on a claim against the partnership." The claim in this case was not against the partnership, but for a personal debt of Gerald.

The remedy for Gerald's individual creditor, Linda, was to apply for a charging order against Gerald's interest in the partnership. See Neb. Rev. Stat. § 67-328 (Reissue 1990). See, also, *Wills v. Wills*, 750 S.W.2d 567 (Mo. App. 1988).

When Property Investment answered the interrogatories, stating it was a partnership in which Gerald was a 50-percent partner and that the partnership held the property at 1112 Arbor Street, Property Investment's garnishee liability was not, as the Court of Appeals found, "fixed" by § 25-1056. If Linda was dissatisfied with Property Investment's answer and wished to controvert or traverse its response to the interrogatories, she had 20 days within which to do so. See § 25-1030. The provisions of this statutory remedy are mandatory. *NC + Hybrids v. Growers Seed Assn.*, 228 Neb. 306, 422 N.W.2d 542 (1988). The trial court correctly dismissed Linda's application for garnishee liability because she failed to file it within 20 days of Property Investment's answer.

Next, Gerald argues that the Court of Appeals erred in determining that the issue of whether Gerald's IRA is exempt

from garnishment must be remanded for a factual finding by the trial court as to whether Gerald's IRA funds are reasonably necessary for his support or the support of his dependents, because if not, the IRA is not exempt from garnishment. According to Gerald, a factual finding on this issue was already determined in his favor by the trial court. We agree.

Neb. Rev. Stat. § 25-1563.01 (Reissue 1989) provides:

> In bankruptcy and in the collection of a money judgment, the following benefits shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors: To the extent reasonably necessary for the support of the debtor and any dependent of the debtor, an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service unless:
>
> . . . .
>
> (2) Such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986 or the successors of such sections.

The Court of Appeals held that IRA's are generally protected from attachment and garnishment under § 25-1563.01 to the extent the funds contained therein are reasonably necessary for the support of the debtor or any dependent of the debtor, and Linda concedes that the Court of Appeals was correct in its holding. However, the Court of Appeals also found that the trial court failed to completely analyze the issue because it made no finding regarding whether Gerald's IRA funds are reasonably necessary for his support or the support of his dependents. The Court of Appeals was incorrect in finding that the trial court had failed to completely analyze the issue of whether Gerald's IRA was exempt from attachment by Linda.

The trial court correctly found that Gerald's IRA was exempt from attachment by Linda. It is clear from the record that it specifically found the IRA was necessary for the support of Gerald and his dependents. In its order of November 8, 1991, the trial court stated:

> The Court finds that respondent's request to release garnishee Conservative Savings Bank should be sustained

and the garnishee is released and discharged by reason of the Courts [sic] prior ruling on the same issue that the IRA funds in question are exempt pursuant to Sec. 25-1563.01 R.R.S. Neb 1989, and that all child support and alimony payments are current as ordered.

Linda had previously attempted to garnish Gerald's IRA for payment of her court-ordered attorney fees. In its prior order, following a hearing on the matter, the trial court found that the funds on deposit in the IRA were reasonably necessary for the support of Gerald.

The record supports the conclusion and order of the trial court concerning the issue of whether Gerald's IRA is exempt from garnishment by Linda. The Court of Appeals erred in remanding the cause for further proceedings on the issue of whether the IRA funds are reasonably necessary for Gerald's support or the support of his dependents.

Finally, Gerald contends that the Court of Appeals erred in finding him in contempt of court for failing to make the first two scheduled property settlement payments. We believe the Court of Appeals erred in its reasoning for finding Gerald in contempt of court; however, we find that Gerald should have been held in contempt of court for his failure to pay the first two property settlement payments.

In its opinion, the Court of Appeals incorrectly held that the required burden of proof in this civil contempt proceeding is by a preponderance of the evidence and that the appropriate standard of review is whether the trial court abused its discretion in finding that Gerald was not in contempt.

When a party to an action fails to comply with an order of the court made for the benefit of the opposing party, such act is ordinarily a civil contempt, which requires willful disobedience as an essential element. *Bahm v. Raikes*, 200 Neb. 195, 263 N.W.2d 437 (1978); *Megel v. City of Papillion*, 190 Neb. 238, 207 N.W.2d 377 (1973). Most recently in *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993), a case involving a civil contempt of court, this court held that a defendant's contempt must be established by proof beyond a reasonable doubt. See, also, *In re Contempt of Liles*, 217 Neb. 414, 349 N.W.2d 377 (1984); *Bahm v. Raikes, supra*; *Paasch v. Brown*, 199 Neb. 683,

260 N.W.2d 612 (1977); *Megel v. City of Papillion, supra.* All of these cases involved civil contempt proceedings.

An appellate court, reviewing a final judgment or order in a contempt proceeding, reviews for errors appearing on the record. *Dunning v. Tallman, supra; In re Contempt of Liles, supra.* A trial court's factual finding in a contempt proceeding will be upheld on appeal unless the finding is clearly erroneous. *Id.*

After listing a number of Novak & Sons' corporate accounts and the balances contained in those accounts around the time that each of the first two property settlement payments became due, the Court of Appeals found that Gerald was in contempt for failure to pay the property settlement payments due on March 1 and September 1, 1991. According to the Court of Appeals, Gerald had the means to pay the obligation under the decree, since he was signatory on the various Novak & Sons accounts and he had failed to show why he could not use them to make the payments.

At the hearing, when Gerald was asked why he did not use the funds contained in the Novak & Sons accounts to pay his property settlement obligations, Gerald testified that they were corporate accounts and that he was not authorized to use those funds to pay his personal debts. This court has previously held that corporate "officers may not pay their personal debts by transfer or encumbrance of corporate property." *Val-U Constr. Co. v. Contractors, Inc.*, 213 Neb. 291, 294, 328 N.W.2d 774, 776 (1983). See *Burke v. Munger*, 138 Neb. 74, 292 N.W. 53 (1940). The Court of Appeals erred in finding Gerald in contempt of court for failing to use corporate funds to pay his personal obligation under the property settlement agreement.

Although the Court of Appeals erred in its reason for reversing the finding of the trial court concerning the contempt issue, we believe that the trial court's finding that Gerald was not in contempt should be reversed for a different reason.

In order for Gerald's failure to comply with the terms of the divorce decree to be contemptuous, his failure to comply must be willful. See *Megel v. City of Papillion, supra.* Gerald attempted to defend against the contempt charge by showing it was impossible to comply with the terms of the property

settlement agreement because he had no personal funds available to pay the obligation. If it is impossible to comply with the order of the court, the failure to comply is not willful. *Id.*

The evidence showed, however, that Gerald has an IRA at Conservative Savings Bank with deposits totaling $54,516.73 at the time of the hearing on this matter. Although the IRA is exempt from garnishment by Linda, that does not mean that Gerald cannot voluntarily withdraw the funds to satisfy the obligations under the decree. After paying the income tax and a 10-percent penalty for early withdrawal of the IRA funds, there would still be enough left over for Gerald to pay the first two installments under the divorce decree. The trial court erred in not holding Gerald in contempt for this reason, and not for the reason given by the Court of Appeals.

The judgment of the Court of Appeals concerning the garnishment of Property Investment and the remand of the issue regarding the IRA exemption are reversed. The Court of Appeals' judgment to remand for further proceedings Gerald's application to modify is affirmed, and its decision finding Gerald in contempt for failure to pay the March 1 and September 1, 1991, property settlement payments is affirmed. The cause is remanded to the Court of Appeals with directions to remand that part of the cause concerning the application of the respondent, Gerald H. Novak, to modify the decree of dissolution and the application of the petitioner, Linda Novak, to hold the respondent in contempt for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.