KIMBERLY KLINGINSMITH, FORMERLY KNOWN AS KIMBERLY KNERL, FORMERLY KNOWN AS KIMBERLY WICHMANN, APPELLANT, V. JEFFREY WICHMANN, APPELLEE.

567 N.W.2d 172

Filed August 1, 1997.   No. S-95-413.

John B. McDermott, of Shamberg, Wolf, McDermott & Depue, for appellant.

David C. Huston, of Huston & Higgins, for appellee.

CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and ROWLANDS, D.J.

GERRARD, J.

Appellant Kimberly Klinginsmith filed an application for contempt and an application to require appellee Jeffrey Wichmann to post security in connection with Wichmann's failure to pay interest on the property distribution made pursuant to the parties' dissolution of marriage decree. The district court

denied Klinginsmith's applications, and, on appeal, the Nebraska Court of Appeals affirmed. See *Klinginsmith v. Wichmann*, 96 NCA No. 29, case No. A-95-413 (not designated for permanent publication). Klinginsmith successfully petitioned this court for further review. For substantially different reasons than those set forth in the courts below, and because of the procedural posture of the instant case, we affirm the judgment of the Court of Appeals.

## BACKGROUND

Klinginsmith and Wichmann were divorced by a decree filed in the district court for Howard County on January 19, 1990. Neither party appealed. At issue in the instant appeal, however, is the meaning of a provision in the dissolution decree which divided Wichmann's business. In the decree, the district court found and ordered the following:

11. That the net value of the business is found to be $106,000.00; the Petitioner [Klinginsmith] is awarded one half of the value thereof and the Respondent [Wichmann] is to pay to the Petitioner the sum of $368.00 per month for a period of 12 years, together with interest as provided by Law; the stock in the business is ordered quieted in the Respondent . . . .

The sum of $368 per month for 12 years equals $52,992; $8 short of exactly one-half of the amount the district court found as the value of Wichmann's business. Since entry of the decree, Wichmann has paid through the clerk of the district court the sum of $368 per month in satisfaction of the property judgment, along with an amount sufficient to satisfy his child support obligation.

In the summer of 1994, in a separate matter, Wichmann's sole proprietorship, Wichmann Inc., recovered a judgment of approximately $220,000. On November 4, 1994, nearly 5 years after the entry of the dissolution decree, Klinginsmith filed an application to require Wichmann to post security and an application for increased child support. On February 2, 1995, Klinginsmith filed an application for contempt.

Klinginsmith's application to require Wichmann to post security alleged that Wichmann was in arrears on the ordered

property judgment. In the application for contempt, Klinginsmith again alleged that Wichmann was in arrears on the ordered property judgment and that, in violation of the dissolution decree, Wichmann has failed to maintain health insurance on his minor children, refused to reimburse Klinginsmith for his one-half share of medical and dental expenses for their children, and failed to pay the ordered $12 per year alimony award.

An amortization schedule attached as an exhibit to both applications indicates that Klinginsmith understands the decree provision at issue requiring Wichmann to pay "$368.00 per month for a period of 12 years, together with interest as provided by Law," means that Wichmann is to pay an amount attributable to the principal, $368, and, in addition, that amount of interest permitted by law on the balance. The amortization schedule sets forth that the amount of interest permitted by law at the time of the decree was 8.66 percent annual simple interest. In other words, Klinginsmith alleges that the decree provides that Wichmann's payments are to be much like an amortized loan; payment of an amount attributable to the principal, $368, plus an amount attributable to interest at 8.66 percent annually on the remaining principal.

Wichmann filed a response to the applications on March 17, 1995, in which he denied the substance of the applications. Wichmann also asserted that Klinginsmith was not due interest on the property settlement principal because there is no provision in Nebraska law to assess interest against such an award and that Klinginsmith's reading of the decree created a judgment which was not sufficiently certain in its terms so as to be enforced.

A hearing was held on March 24, 1995, concerning Klinginsmith's applications. Wichmann testified that each month he has paid to the clerk of the court the total amount of child support and property settlement due. He considered the amount of property settlement due each month to be $368. Wichmann also testified that he has paid all alimony due and that he has always maintained health insurance for his children, even though his own health insurance may have lapsed at times.

Klinginsmith testified that the basis for her contempt application was that Wichmann has failed to pay interest on the prop-

erty settlement award. She also testified that Wichmann was erratic with his property settlement payments and that, although unsure, she did not think she had received all of the $36 of alimony she was due for the 3 years prior to trial. In regard to reimbursement of medical expenses, Klinginsmith testified that she has incurred medical expenses for their children and has asked Wichmann to pay his one-half share. Klinginsmith said Wichmann refused her request. Klinginsmith thought Wichmann owed her "around between $500 and $1,000.00" for medical expenses. On cross-examination, Klinginsmith said she did not have any copies of medical bills with her to verify her claim.

In an order entered on March 31, 1995, the trial court found that the decree provision at issue was unambiguous and that the decree provided that interest was not to accrue on an installment until such installment became delinquent. In addition, the trial court concluded that Klinginsmith had failed to carry her burden of proof regarding her allegation that she had not been reimbursed for the medical expenses of her children. Accordingly, the trial court found that Wichmann was not in contempt and denied Klinginsmith's application to post security. The court sustained Klinginsmith's application to modify child support and increased Wichmann's obligation.

Klinginsmith timely appealed the district court order, which the Court of Appeals affirmed. Citing *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995), the Court of Appeals identified that Nebraska's statute which provides for interest on judgments, Neb. Rev. Stat. § 45-103 (Reissue 1993), requires that when a judgment is to be paid in installments, interest begins to accrue on an individual installment only from the date it is due and payable.

The Court of Appeals acknowledged that in *Thiltges v. Thiltges, supra*, this court held that a trial court may, in its discretion, award interest on deferred installments payable as part of a marital property distribution. However, the Court of Appeals found no such exercise of discretion in the instant case and held that the decree provision at issue was unambiguous, since the phrase "as provided by Law" was capable of only one reasonable interpretation, that being interest as provided by statutory law; specifically, § 45-103.

The Court of Appeals also agreed with the district court that Klinginsmith had failed to carry her burden of proof regarding her claim that Wichmann refused to reimburse her for his share of their children's medical expenses. Accordingly, the Court of Appeals concluded that the trial court did not err in finding that Wichmann was not in contempt. Having found Wichmann not to be in arrears on his property settlement payments, the Court of Appeals concluded that the trial court did not abuse its discretion by not requiring Wichmann to post security.

## ASSIGNMENTS OF ERROR
## AND ISSUES ON APPEAL

Klinginsmith assigns that the Court of Appeals erred in (1) concluding that the decree did not provide for interest on the property settlement award principal, but, instead, only on a delinquent installment; (2) failing to find that Wichmann should post security for the property settlement award; and (3) failing to hold Wichmann in contempt of the terms of the divorce decree for failure to pay interest on the property settlement principal and failure to reimburse Klinginsmith for his share of the children's medical expenses.

## STANDARD OF REVIEW

An appellate court, reviewing a final judgment or order in a contempt proceeding, reviews for errors appearing on the record. *Novak v. Novak*, 245 Neb. 366, 513 N.W.2d 303 (1994); *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997); *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995). A trial court's factual finding in a contempt proceeding will be upheld on appeal unless the finding is clearly erroneous. *Novak v. Novak, supra.* On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Boettcher v. Balka, ante* p. 547,

567 N.W.2d 95 (1997); *Hynes v. Hogan*, 251 Neb. 404, 558 N.W.2d 35 (1997).

## ANALYSIS

The procedural posture in which this matter is before us obviously affects our analysis. Klinginsmith filed her action as an application for contempt, not as an appeal of the dissolution decree. In Nebraska, dissolution of marriage cases are equitable in nature, *Laschanzky v. Laschanzky*, 246 Neb. 705, 523 N.W.2d 29 (1994), and a civil contempt proceeding cannot be the means to afford equitable relief to a party, *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993). However, in *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986), in obiter dictum, we recognized that in certain circumstances it may be necessary for an individual to cite the other party for contempt to determine whether the other party is holding property that properly belongs to that individual under the terms of a decree. In making that determination, we acknowledged that the trial court must attempt to resolve the question based upon the language of the decree and the evidence then presented. Even though that may require some "interpretation" of the decree, the interpretation must be based upon the language of the decree and not based upon what the parties believed the court meant but did not say. See *id*. Thus, Klinginsmith may not use this proceeding to effect an equitable change in the decree, but a contempt proceeding is appropriate to resolve the meaning of disputed language in the decree under these circumstances.

It is well settled that once a decree for dissolution becomes final, its meaning is determined as a matter of law from the four corners of the decree itself. See, *Universal Assurors Life Ins. Co. v. Hohnstein*, 243 Neb. 359, 500 N.W.2d 811 (1993); *Metropolitan Life Ins. Co. v. Beaty*, 242 Neb. 169, 493 N.W.2d 627 (1993); *Neujahr v. Neujahr, supra*.

The courts below found the decree provision at issue to be unambiguous because there is only one reasonable interpretation of the phrase "as provided by Law"; that being as provided by statutory law, specifically, § 45-103. The Court of Appeals noted that a court may, in its discretion, award interest on deferred property settlement installments, but concluded that in this case, the decree evinces no such discretionary award.

Klinginsmith likewise asserts that the decree provision at issue is unambiguous. However, contrary to the conclusion reached by the Court of Appeals, she argues that the decree provision in this matter evinces a discretionary award when it recites, "$368.00 per month for a period of 12 years, *together with interest* as provided by Law." (Emphasis supplied.) Klinginsmith asserts that "together with" indicates that the court intended to add interest onto that portion of the installment attributable to the principal. Further, Klinginsmith contends that since Nebraska law requires an equitable distribution of a marital estate, without interest assessed on the principal, distribution of the marital estate in this case was inequitable. We agree.

In *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995), we exercised our equitable discretion and modified a dissolution decree of the district court to award interest on a property settlement award payable in installments over a 12-year period. In so doing, we expressed a strong preference in favor of a discretionary award of interest on property settlement installments payable over an extended period of time where the facts and circumstances of the case indicate that such an award effects an equitable distribution of the marital estate. We recently affirmed this preference toward discretionary awards of interest when warranted by the facts in *Priest v. Priest*, 251 Neb. 76, 554 N.W.2d 792 (1996).

However, the matter before us is not one of equity, but, instead, must be determined from the four corners of the decree alone. In *Dryden v. Dryden*, 205 Neb. 666, 289 N.W.2d 525 (1980), a decree of dissolution provided for the payment of a property settlement award in monthly installments, but made no mention of interest in regard to the remaining principal. We held that interest would begin to accrue only on those installments which were due and payable. Thus, when a decree is silent as to interest, the law provides for interest only when each installment is due and payable.

In the instant case, the decree is not silent on the subject of interest. The decree requires payment of $368 per month *together with* interest as provided by law. Like a contract, a decree under which all rights have vested must be construed as

a whole, and if possible, effect must be given to every part thereof. See, *Daehnke v. Nebraska Dept. of Soc. Servs.*, 251 Neb. 298, 557 N.W.2d 17 (1996); *C.S.B. Co. v. Isham*, 249 Neb. 66, 541 N.W.2d 392 (1996). If we are to give effect to the language in the decree, "together with interest as provided by Law," it must be that such language evinces a discretionary award of interest on the remaining principal. Thus, we hold that the language in the decree evinces a discretionary award of interest in favor of Klinginsmith.

Notwithstanding, we agree with the courts below that Wichmann is not in contempt of court, even though we conclude that Wichmann was to pay interest on the property settlement award. When a party to an action fails to comply with an order of the court made for the benefit of the opposing party, such act is ordinarily a civil contempt, which requires willful disobedience as an essential element. *Novak v. Novak*, 245 Neb. 366, 513 N.W.2d 303 (1994); *Bahm v. Raikes*, 200 Neb. 195, 263 N.W.2d 437 (1978). "Willful" means the violation was committed intentionally, with knowledge that the act was in violation of the court order. *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993); *In re Contempt of Sileven*, 219 Neb. 34, 361 N.W.2d 189 (1985). A party's contempt must be established by proof beyond a reasonable doubt. *Novak v. Novak, supra.*

Wichmann did not act with knowledge that he was in violation of the dissolution decree. Instead, Wichmann, without fault but nonetheless in error, thought that payment of $368 per month satisfied his property settlement obligation pursuant to the decree. As such, Wichmann's failure to pay interest was not willful beyond a reasonable doubt. Accordingly, the courts below, although for different reasons, correctly concluded that Wichmann was not in contempt of court. A proper result will not be reversed merely because it was reached for the wrong reasons. *Boettcher v. Balka, ante* p. 547, 567 N.W.2d 95 (1997); *Ochs v. Makousky*, 249 Neb. 960, 547 N.W.2d 136 (1996).

Thus, while we hold that the language of paragraph 11 of the decree evinces an award of interest in favor of Klinginsmith and that Klinginsmith is entitled to interest consistent with this opinion, we point out that a contempt proceeding may not be

used to afford a party equitable relief. *Dunning v. Tallman, supra*. Therefore, even though Klinginsmith requested equitable relief in her application for contempt, such relief is not available under the present posture of these proceedings. As we stated in *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986), Nebraska law is replete with other methods of relief for litigants in these circumstances.

Klinginsmith's other assigned errors are without merit. Klinginsmith claimed that Wichmann had refused to reimburse his one-half share of their children's medical expenses. However, the only evidence offered in support of this claim is Klinginsmith's bare assertion that she thought Wichmann owed her around $500 to $1,000. The trial court was not clearly wrong in concluding that Klinginsmith had failed to carry her burden of proof in this regard.

Neb. Rev. Stat. § 42-371(5) (Reissue 1993) provides that a court may "order a person required to make payments to post sufficient security, bond, or other guarantee with the clerk to insure payment of both current and any delinquent amounts." However, an order requiring security to be given is a somewhat extraordinary and drastic remedy, and such order should only be invoked when compelling circumstances require it. See *Lacey v. Lacey*, 215 Neb. 162, 337 N.W.2d 740 (1983).

In the instant case, no such compelling circumstances exist. The evidence reveals that Wichmann was reasonably prompt with his monthly payments of child support and with payment of that amount which he believed was required to satisfy his property settlement obligation. The trial court did not abuse its discretion by concluding that Wichmann would continue to comply with the dissolution decree.

## CONCLUSION

For each of the foregoing reasons, and recognizing that Klinginsmith is entitled to interest on payments for her award of one-half of the net value of the business identified in paragraph 11 of the decree, we affirm the judgment of the Court of Appeals.

AFFIRMED.

WHITE, C.J., participating on briefs.