**In the Matter of Matthew & Karla BASHARA, Debtors.**

**No. BK02–83504.**

United States Bankruptcy Court, D. Nebraska.

May 19, 2003.

Donald L. Swanson, Koley Jessen P.C., Julie A. Schultz, Omaha, NE, for debtor.

Richard D. Myers, Omaha, NE, Chapter 7 Trustee.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on February 13, 2003 on the objection to claim of exemptions, Filing No. 6. Appearances: Richard D. Myers as the Chapter 7 Trustee, and Donald L. Swanson and Julie Schultz for the debtors. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

## ISSUE

The matter before the court is a question of law. Are Individual Retirement Accounts (IRAs) exempt under Neb.Rev. Stat. § 25–1563.01?

## DISCUSSION

These debtors filed a Chapter 7 petition on November 1, 2002. Karla Bashara claimed an interest in an IRA in the amount of $3,400 as exempt under the statute. Matthew Bashara claimed an interest in an IRA in the amount of $6,636 as exempt under the statute. The Chapter 7 Trustee objected to the exemption on the basis that an IRA is not a stock bonus, pension, or profit-sharing plan, nor is it a similar plan or contract payable on account of illness, disability, death, age, or length of service. The Nebraska statute, Section 25–1563.01, does not specifically identify an IRA as an asset which is exempt under the language of the statute.

Section 25–1563.01 provides:

In bankruptcy and in the collection of a money judgment, the following benefits shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors: To the extent reasonably necessary for the support of the debtor and any dependent of the debtor, an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service unless:

(1) Within two years prior to bankruptcy or to entry against the individual of a money judgment which thereafter becomes final, such plan or contract was established or was amended to increase contributions by or under the auspices of the individual or of an insider that employed the individual at the time the individual's rights under such plan or contract arose; or

(2) Such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 408A of the Internal Revenue Code.

For purposes of this section, unless the context otherwise requires, insider shall have the meaning provided in 11 U.S.C. § 101.

This issue is now being raised by the Trustee because of the recent decision by the Bankruptcy Appellate Panel for the Eighth Circuit. In the case of *Rousey v. Jacoway (In re Rousey)*, 283 B.R. 265 (8th Cir. BAP 2002), the court, interpreting the federal bankruptcy exemption statute, 11 U.S.C. § 522(d)(10)(E), found that an IRA,

under that statutory provision, was not similar to a stock bonus, pension, profit-sharing, or annuity plan and therefore was not exempt for bankruptcy purposes. That court concluded that its decision was limited to the facts of that case.

The debtors have argued that if we hold that their IRAs are not exempt under 11 U.S.C. § 522(d)(10)(E), we would be adopting a "per se" rule that all IRAs are not exempt under 11 U.S.C. § 522(d)(10)(E). This simply is not the case. As noted earlier not all IRAs are alike. While each case must be decided on its own facts, we do not think that either the bankruptcy court's ruling or our opinion constitutes a decision that an IRA could never be exempt.

*Rousey* at 273.

The *Rousey* court was dealing with an interpretation of a federal statute, not a Nebraska statute. The *Rousey* court acknowledged that its ruling applied only to the Individual Retirement Accounts held by the Rouseys, and acknowledged that other types of accounts, even if analyzed under the same statute, could be exempt.

The statute being analyzed in the *Bashara* case is a Nebraska statute, not the federal bankruptcy statute. This court has previously determined that the Nebraska statute in question, Section 25–1563.01, does include Individual Retirement Accounts as exempt, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. *In re Anzalone*, 122 B.R. 730 (Bankr. D.Neb.1990). In addition, Judge Minahan ruled similarly in *In re Brehm*, Neb. Bkr. 93:455 (Bankr.D.Neb.1993).

Finally, the appellate courts for the state of Nebraska have determined that Section 25–1563.01 does provide exempt status for Individual Retirement Accounts to the extent reasonably necessary for the support of the debtor and any dependent

of the debtor. *See Novak v. Novak*, 2 Neb.App. 21, 508 N.W.2d 283 (Neb.Ct.App. 1993), *rev'd on other grounds*, 245 Neb. 366, 513 N.W.2d 303 (Neb.1994). The Nebraska Court of Appeals made specific findings on the very legal question which is before this court at this time.

The plain language of § 25–1563.01(2) does not protect plans or contracts from exemption unless they qualify under I.R.C. §§ 401(a), 403(a), 403(b), or 408 (1988). Therefore, these code sections control the types of plans available for exemption under the statute. Section 401(a) of the code discusses qualified pension, profit-sharing, and stock bonus plans. Section 403(a) and (b) deals with employee annuities—qualified annuity plans, 501(c)(3) annuities (non-profit organizations), and public school annuities. Finally, § 408 specifically addresses IRA's. Thus, Gerald's IRA qualifies under § 408 and is eligible for exemption to the extent provided by the statute.

Linda's argument that IRA's are not exempt under § 25–1563.01 is without merit. However, the fact that IRA's are generally protected under the statute does not mean an IRA can never be attached or garnished. This is where the trial court erred in its ruling on this issue, and on questions of law, this court is obliged to reach a conclusion independent of the decision reached by the trial court. *State ex rel. Grams v. Beach*, 243 Neb. 126, 498 N.W.2d 83 (1993). The court properly found that IRA's were exempt under the statute, but ended its analysis at that point, thereby failing to recognize that the exemption is limited. The plans and contracts protected under § 25–1563.01 are shielded from attachment and garnishment only "[t]o the extent reasonably necessary for the support of the debtor and any dependent of the debtor." A factual finding must be

made by the trial court as to whether Gerald's IRA funds are reasonably necessary for his support or the support of his dependents, because if not, the IRA is not exempt from attachment.

*Novak,* 2 Neb.App. at 33–34, 508 N.W.2d at 290–91.

The Nebraska Supreme Court, on a request for further review of the decision of the Nebraska Court of Appeals, affirmed the finding of the Court of Appeals that IRAs are generally exempt under Section 25–1563.01. It said:

> The Court of Appeals held that IRA's are generally protected from attachment and garnishment under § 25–1563.01 to the extent the funds contained therein are reasonably necessary for the support of the debtor or any dependent of the debtor, and Linda concedes that the Court of Appeals was correct in its holding.

*Novak,* 245 Neb. at 371, 513 N.W.2d at 307.

■ In *Rousey,* the Bankruptcy Appellate Panel for the Eighth Circuit found that a particular IRA was not exempt under the federal bankruptcy exemption statute, 11 U.S.C. § 522(d)(10)(E). In *Novak v. Novak,* both at the Nebraska Court of Appeals level and at the Nebraska Supreme Court level, the state appellate courts have determined that IRAs are exempt under the Nebraska statute, Section 25–1563.01. The interpretation of state law, whether in a civil or criminal case, by a state's highest court binds federal courts, including the bankruptcy court. *Estate of Thornton v. Caldor, Inc.,* 472 U.S. 703, 709 n. 8, 105 S.Ct. 2914, 86 L.Ed.2d 557 (1985); *Wainwright v. Goode,* 464 U.S. 78, 84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Tyndall v. Gunter,* 840 F.2d 617, 618 (8th Cir.1988); *Davis v. Bennett,* 400 F.2d 279 (8th Cir. 1968); *Home Oil Co., Inc. v. Sam's East,*

*Inc.,* 252 F.Supp.2d 1302, 1315 (M.D.Ala. 2003).

## CONCLUSION

■ In this case the Trustee has objected to the exempt status of the debtor's IRAs only on the basis that they are not similar plans or contracts to stock bonus, pension, or profit-sharing plans. There has been no objection that the funds in the IRAs are not reasonably necessary for the support of the debtor and any dependent of the debtor. The objection of the Trustee is overruled. Individual Retirement Accounts are exempt under Neb.Rev.Stat. § 25–1563.01, unless the funds contained therein are not reasonably necessary for the support of the debtor and any dependent of the debtor. Because the "reasonably necessary" issue has not been raised in this case, the Individual Retirement Accounts held by these debtors are exempt.

Separate judgment to be filed.

## JUDGMENT

Hearing was held on February 13, 2003 on the objection to the claim of exemption filed by the Chapter 7 Trustee, Filing No. 6. Appearances: Richard D. Myers as the Chapter 7 Trustee, and Donald L. Swanson and Julie Schultz for Matthew and Karla Bashara.

IT IS ORDERED:

In accordance with the Memorandum entered this date, the objection of the Trustee is overruled. Individual Retirement Accounts are exempt under Neb.Rev. Stat. § 25–1563.01, unless the funds contained therein are not reasonably necessary for the support of the debtor and any dependent of the debtor. Because the "reasonably necessary" issue has not been raised in this case, the Individual Retire-

ment Accounts held by these debtors are exempt.