DOUGLAS COUNTY BY AND THROUGH DOUGLAS COUNTY ASSESSOR'S OFFICE, APPELLEE, V. DENA F. KOWAL, APPELLANT, AND DOUGLAS COUNTY CIVIL SERVICE COMMISSION, APPELLEE.

708 N.W.2d 668

Filed January 27, 2006.   No. S-04-1306.

Michael P. Dowd, of Dowd, Howard & Corrigan, L.L.C., for appellant.

Stuart J. Dornan, Douglas County Attorney, Diane M. Carlson, and Brent M. Bloom for appellee Douglas County Assessor's Office.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The district court for Douglas County affirmed a decision of the Douglas County Civil Service Commission (the Commission) reinstating Dena F. Kowal to her position as office manager/information coordinator in the Douglas County assessor's office. Subsequently, Kowal sought to have Roger Morrissey, the Douglas County assessor, held in civil contempt for refusing to abide by this order. After an evidentiary hearing, the district court granted Morrissey's motion to dismiss the contempt proceeding, reasoning that Morrissey complied with the order because Kowal was restored to her job title and paid back wages. The court further found that although Kowal was not performing all of her former duties, she was performing other duties within her job description. We affirm.

## FACTS

Kowal began employment as the office manager/information coordinator with the Douglas County assessor's office in September 1997. In January 2003, Morrissey reorganized the department and eliminated her position. Kowal's position was included within a collective bargaining unit agreement.

Kowal subsequently appealed her layoff to the Commission. After conducting an evidentiary hearing, the Commission determined that Kowal should be reinstated to her former position. The Commission's decision was based upon terms of the collective bargaining agreement which prohibited the layoff of a regular full-time employee until all probationary, seasonal, and temporary employees had first been released. The Commission's order specifically held that Kowal "be re-instated to her previous position of Office Manager/Information Coordinator effective March 3, 2003, and have all wages restored as of that date."

In response to the order, Morrissey informed Kowal by a letter dated September 17, 2003, that she had been reinstated to the position of office manager/information coordinator. The letter stated that Kowal's immediate duty and responsibility would be to direct and execute a program to comply with certain property

tax statutes, but that she "may be assigned other duties in the future." After reinstating Kowal, Morrissey filed a petition in error seeking review by the district court of the Commission's order. On July 15, 2004, the district court affirmed the Commission's reinstatement order.

On September 17, 2004, Kowal filed a motion to show cause why Morrissey should not be found in civil contempt for violating the district court's order affirming her reinstatement. An evidentiary hearing was held on September 23. At the hearing, Kowal testified that although she was given her job title upon reinstatement, she was not returned to the actual position of office manager/information coordinator. She offered into evidence the Commission's job description for the office manager/information coordinator position and testified that upon reinstatement, she was not performing the duties set forth in the job description. Instead, Kowal testified that she was performing the separate job of supervisor of leased public property and real estate on leased land. Kowal testified that prior to her layoff, she had been performing the duties as described in the office manager/information coordinator job description.

On cross-examination, Kowal admitted that upon her reinstatement, Morrissey assigned her to a special project relating to compliance with state statutes pertaining to property taxes. She testified that this assignment was consistent with the job description for the office manager/information coordinator position, which specifically provided that the county assessor could assign "other related duties." Kowal further admitted on cross-examination that the job duties she was performing after reinstatement were consistent with at least 5 of the 11 primary duties of the office manager/information coordinator as set forth in the job description, even though these duties differed from those she had been performing prior to the layoff.

After Kowal presented her case, Morrissey moved to dismiss for lack of evidence. The district court took the motion under advisement and subsequently dismissed the contempt charge. In its order of dismissal, the court stated:

> This Court cannot find that the County Assessor willfully and intentionally violated the court order in that Kowal has been reassigned to her original job title and has received

all of her back wages. In addition, she is performing some of the job duties as set forth [in the office manager/information coordinator job description] and other duties as assigned to her.

Kowal filed this timely appeal, which we moved to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

Kowal assigns, consolidated and restated, that the district court erred in sustaining the motion to dismiss.

## STANDARD OF REVIEW

An appellate court, reviewing a final judgment or order in a contempt proceeding, reviews for errors appearing on the record. *Klinginsmith v. Wichmann*, 252 Neb. 889, 567 N.W.2d 172 (1997); *Novak v. Novak*, 245 Neb. 366, 513 N.W.2d 303 (1994). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Klinginsmith, supra.* A trial court's factual finding in a contempt proceeding will be upheld on appeal unless the finding is clearly erroneous. *Id.; Novak, supra.* On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Klinginsmith, supra.*

## ANALYSIS

When a party to an action fails to comply with an order of the court made for the benefit of the opposing party, such act is ordinarily a civil contempt, which requires willful disobedience as an essential element. *Id.; Novak, supra*; Neb. Rev. Stat. § 25-2121 (Reissue 1995). "Willful" in this context means the violation was committed intentionally, with knowledge that the act was in violation of the court order. *Klinginsmith, supra*; *Dunning v. Tallman*, 244 Neb. 1, 504 N.W.2d 85 (1993). A party's civil contempt must be established by proof beyond a reasonable doubt. See, *Klinginsmith, supra*; *Novak, supra.*

The purpose of the county civil service system is "to guarantee to all citizens a fair and equal opportunity for employment in the county offices." Neb. Rev. Stat. § 23-2501 (Reissue 1997). To effectuate this purpose, department heads are required to supply to the Commission position classification plans, job descriptions, and job specifications. Neb. Rev. Stat. § 23-2507(3) (Reissue 1997). The job description for office manager/information coordinator lists 11 primary duties and responsibilities. The job description expressly provides that the duties are performed "[u]nder the direction of the Douglas County Assessor" and that "other related duties" may be assigned.

In this action, it is clear from the record that although Kowal may not be performing all of the duties of the office manager/information coordinator position, she is performing at least some of those duties. Kowal testified on cross-examination that the work she is performing is consistent with at least 5 of the 11 primary duties listed in the office manager/information coordinator job description. In addition, Kowal admitted that her performance of the special project relating to state property tax statute compliance was a specific "other related" duty authorized by the office manager/information coordinator job description. Kowal's present job duties are thus consistent with the job description of office manager/information coordinator and in keeping with Morrissey's authority to manage the work duties of his employees. See, *Hall Cty. Pub. Defenders v. County of Hall*, 253 Neb. 763, 571 N.W.2d 789 (1998) (elected official determines working hours and assigns work to employees), *disapproved on other grounds, Hyannis Ed. Assn. v. Grant Cty. Sch. Dist. No. 38-0011*, 269 Neb 956, 698 N.W.2d 45 (2005); *Sarpy Co. Pub. Emp. Assn. v. County of Sarpy*, 220 Neb. 431, 370 N.W.2d 495 (1985) (elected official prescribes manner in which work must be done by employees).

Because Kowal has been reinstated to the title of office manager/information coordinator, has received all required backpay, and is performing duties which are included in the job description for that position, we agree with the district court that the record does not support a finding beyond a reasonable doubt that Morrissey is in willful disobedience of the district court's order.

The judgment of the district court thus conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Finding no error appearing on the record, we affirm.

AFFIRMED.